MR. JUSTICE GROVES
delivered the opinion of the Court.
This is an original proceeding relating to the question of whether prospective jurors can be questioned on voir dire as to their views on capital punishment in a first-degree murder case, People v. Carlos O. D. Henry. Prior to commencement of the trial the court granted a motion by the defendant Henry to give the following instruction to prospective jurors in advance of voir dire:
“During the voir dire examination, you will be asked questions concerning your attitude towards capital punishment. In this regard, I give you the following instructions. In the event that the Defendant is found guilty of murder, the law requires that the jury consider, on the basis of factors as to which I will instruct you, whether or not a death penalty should be imposed.
“Thus, in the event the Defendant is found guilty of murder, the law requires that, even if you are absolutely opposed to capital punishment, you should consider whether a sentence of death should be imposed. You must not lightly disregard your obligation as a juror. Where possible, you should subordinate your personal feelings about capital punishment to the duty imposed by the law. I repeat that your duty is to consider whether a death sentence should be imposed in the case before you.
“In responding to the questions which will be put to you regarding the death penalty, you must keep in mind your duty as a juror as I have just explained it to you.”
Arguing that any mention to the jury of death penalty is forbidden under Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the People sought review of the matter in this proceeding. We issued a rule to the respondents to show cause why the People’s contentions should not be sustained. The matter is now at issue. The rule is now made absolute in part and discharged in part.
Formerly, our Colorado statutes provided that, in a first-degree murder case, upon finding guilt the jury should also determine whether the penalty should be life imprisonment or death.[1] That statute vested in the jury’s complete discretion the determination as to whether a defendant should be executed. In Furman v. Georgia, supra, there was a per curiam opinion of five justices and separate opinions of all nine justices. Whatever else Furman may have held, we think it ruled that the vesting of such complete discretion in a jury without any standards is unconstitutional.
*345 In 1974 (effective January 1, 1975), the General Assembly enacted a new statute relating to capital punishment.[2] Under this statute, upon conviction of a defendant of a class 1 felony, the trial court conducts a separate sentencing hearing to determine whether the defendant should be sentenced to death or life imprisonment. Unless a jury trial has been waived, at the conclusion of the hearing certain interrogatories are submitted to the jury for their answers. First, stated roughly, the statute provides for specific interrogatories designed to ascertain whether there have been specific mitigating or aggravating circumstances. Second, also stated roughly, the statute provides: (1) that, when the jury finds neither mitigating nor aggravating factors, the judge must sentence the defendant to life imprisonment; (2) that when the jury finds any mitigating circumstances — no matter how many aggravating circumstances it may find — the judge must sentence the defendant to life imprisonment; (3) that, when the jury finds no mitigating circumstances and one or more aggravating circumstances, the judge must sentence the defendant to death; and (4) that, if the jury’s responses at the sentencing hearing are not unanimous, the judge must sentence the defendant to life imprisonment.
It remains to be seen whether new state statutes can overcome the infirmities of the statutes construed in Furman. For the purpose of this opinion, we assume the constitutionality of the new statute.
The jury at the sentencing hearing is the same jury which tries the case. Therefore, there will be no separate voir dire prior to the sentencing hearing.
Although it is true, according to the statute, that the jury may decide only the question of quilt or innocence and the existence of any fact in aggravation or mitigation, the statute neither expressly nor impliedly precludes the jury’s knowledge of the consequences of their verdict.
We would be dealing in fantasy if we were to subscribe to the notion that a jury is not going to know that, upon conviction of first-degree murder, the defendant may be sentenced to death. It simply is not within the realm of common sense that any jury is not going to know this, even though no mention is made thereof. Further, the members of a jury will on their own perceive the reason for the interrogatories propounded at the conclusion of the sentencing hearing.
Accordingly, the conclusion is inescapable that fundamental fairness dictates that appropriate questions on voir dire be asked of the jury concerning capital punishment.
Crim. P. 24(a) provides as follows:
“A voir dire examination should be conducted for the purpose of gaining information to enable an intelligent exercise of challenges for *346 cause and peremptory challenges. The judge shall initiate the voir dire examination by identifying the parties and their respective counsel and by briefly outlining the nature of the case. The judge shall then put to the prospective jurors any questions which he thinks necessary, touching their qualifications to serve as jurors in the cause on trial. The parties or their counsel shall be permitted to ask the prospective jurors additional questions.” (Emphasis added).
In People v. Mackey, 185 Colo. 24, 521 P.2d 910 (1974), — a case that involved voir dire on capital punishment — this court states:
“[T]he purpose of voir dire examination is to enable counsel to determine whether any prospective jurors ‘ ... are possessed of beliefs which would cause them to be biased in such a manner as to prevent his client from obtaining a fair and impartial trial.’ Edwards v. People, 160 Colo. 395, 418 P.2d 174.” See also Padilla v. People, 171 Colo. 521, 470 P.2d 846 (1970); Hampton v. People, 171 Colo. 153, 465 P.2d 394 (1970).
Until the United States Supreme Court dispositively tells us differently, we will follow statements in Rule 24(a) and Mackey.
We express no opinion as to what effect Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), Furman and the new statute may have on challenges for cause as a result of responses to appropriate questions on voir dire concerning the death penalty. Resolution of these problems must await presentation thereof to a trial court.
We do not approve of the trial court’s instruction quoted above, and we set forth the following as a proper ante-voir dire instruction:
In the event that the defendant is found guilty as charged in [description of charge in information or indictment], there will follow a second hearing before the same jury. Evidence may be introduced at this hearing. At the conclusion of the hearing certain questions will be submitted to the jury to take to the jury room for deliberation and response. After these questions have been answered and, depending upon the answers as prescribed by law, the judge will sentence the defendant either to life imprisonment or death.
The sentence of the judge will be dependent upon the answers of the jury and, while the jury may not be fully advised as to the effect of any particular answer or group of answers, the People and the defendant have the right to examine you as prospective jurors within appropriate limits as to your views on capital punishment.
Disposition of the rule to show cause is made in conformity with the views expressed in this opinion.

 Section 16-11-103, C.R.S. 1973.

 Section 16-11-103, C.R.S. 1.973 (1975 Supp.).